UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kevin Rotkiske & Jacquelyne Rotkiske, individ. & as h/w 4727 Umbria St., Philadelphia, PA 19127 <br> Plaintiffs, <br> v. <br><br> Paul Klemm, Esquire <br> d/b/a Nudelman, Klemm & Golub, P.C. <br> d/b/a Nudelman, Nudelman & Ziering, P.C. <br> d/b/a Klemm & Associates <br> 425 Eagle Rock Ave., Suite 403 <br> Roseland, NJ 07068 <br><br> And <br><br> Nudelman, Klemm & Golub, P.C. <br> d/b/a Nudelman, Nudelman & Ziering, P.C. <br> d/b/a Klemm & Associates <br> 425 Eagle Rock Ave., Suite 403 <br> Roseland, NJ 07068 <br><br> And <br><br> Nudelman, Nudelman & Ziering, P.C. <br> d/b/a Nudelman, Klemm & Golub, P.C. <br> d/b/a Klemm & Associates <br> 425 Eagle Rock Ave., Suite 403 <br> Roseland, NJ 07068 <br><br> And <br><br> Klemm & Associates <br> d/b/a Nudelman, Klemm & Golub, P.C. <br> d/b/a Nudelman, Nudelman & Ziering, P.C. <br> 425 Eagle Rock Ave., Suite 403 <br> Roseland, NJ 07068 <br><br> And <br><br> John Does 1-10 <br><br> Defendants. | NO.: <br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### I. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331 and diversity conferred by 28 USC §1332; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the events giving rise to Plaintiff's claims occurred in this District.

### II. Parties.

3. Plaintiffs, Kevin Rotkiske and Jacquelyne Rotkiske, are married and adult individuals residing at the above-captioned address.

4. Defendant, Paul Klemm, Esquire, is a licensed attorney doing business as Defendant law firms: Nudelman, Klemm & Golub, P.C.; Nudelman, Nudelman & Ziering, P.C.; and Klemm & Associates, all maintaining an office at the above-captioned address. Plaintiff is asserting a claim against all Defendants.

5. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

### III. Operative Facts

6. Around 2003, Plaintiff incurred a credit card debt with Capital One Bank in an amount of approximately $300.

7. Upon information and belief, the debt was sold to Defendant, Paul Klemm, Esquire.

8. Around 2008 – more than four (4) years later, and after the applicable statute of limitations period in Pennsylvania to collect a debt, Klemm and his Defendant law firm, Klemm & Associates initiated a lawsuit against Plaintiff for an amount of approximately $1,100.

9. Klemm attempted to serve Plaintiff at an address where Plaintiff no longer lived. Someone Plaintiff did not know accepted service on behalf of Plaintiff.

10. Klemm withdrew the lawsuit – upon information and belief, Klemm terminated the suit because he could not locate Plaintiff.

11. Around 2009, Klemm and Defendant law firm, Nudelman, Nudelman & Ziering, P.C., re-filed the action and attempted service on Plaintiff again at the same address where Plaintiff no longer lived. Another person who Plaintiff did not know accepted service on behalf of Plaintiff.

12. Klemm then won a default judgment in an amount of approximately $1,400 against Plaintiff.

13. Plaintiff was completely unaware of all actions against him regarding the credit card debt until around September 2014, when Plaintiff applied for a mortgage with Quicken Loans and was rejected because of a judgment against him on his credit report.

14. As a result of Defendants' conduct, Plaintiff has suffered significant financial damages and emotional distress.

    **IV.**   **Causes of Action.**

### COUNT I – FCRA

15. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

16. Defendants, by its conduct as described above, violated the FCRA.

17. Defendants reported and/or maintained that Plaintiff owed a debt and reflected such on Plaintiff's credit report.

18. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to emotional and mental pain and anguish which Plaintiff will continue to suffer for an indefinite time in the future, and damage to Plaintiff's credit as the result of reporting a debt that Plaintiff did not owe.

## COUNT II – FDCPA

19. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

20. Defendants are "debt collectors" as defined by 15 U.S.C.A. § 1692d(6), attempting to collect a debt as defined by 15 U.S.C.A. § 1692a(5).

21. Defendants' conduct violated the FDCPA by contacting Plaintiff without lawful ability to collect. 15 U.S.C.A. § 1692e(2)(b).

## COUNT III – Loss of Consortium

22. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

23. As a result of the wrongful acts of Defendants, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

24. All the aforesaid injuries and damages were caused solely and proximately by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

a. Actual, punitive and compensatory damages;

b. Statutory damages;

c. Costs and attorney's fees; and

d. Such other and further relief as the Court may deem to be just and proper, including equitable relief in the form of an injunction.

WEISBERG LAW

_____
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs