## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kevin C. Rotkiske, | : | |
| 4727 Umbria St., | : | |
| Philadelphia, PA 19127 | : | NO.: 2:15-cv-03638-GEKP |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| Paul Klemm, Esquire | : | |
| d/b/a Nudelman, Klemm & Golub, P.C. | : | |
| d/b/a Nudelman, Nudelman & Ziering, P.C. | : | |
| d/b/a Klemm & Associates | : | |
| 425 Eagle Rock Ave., Suite 403 | : | |
| Roseland, NJ 07068 | : | **JURY TRIAL DEMANDED** |
| | : | |
| And | : | |
| | : | |
| Nudelman, Klemm & Golub, P.C. | : | |
| d/b/a Nudelman, Nudelman & Ziering, P.C. | : | |
| d/b/a Klemm & Associates | : | |
| 425 Eagle Rock Ave., Suite 403 | : | |
| Roseland, NJ 07068 | : | |
| | : | |
| And | : | |
| | : | |
| Nudelman, Nudelman & Ziering, P.C. | : | |
| d/b/a Nudelman, Klemm & Golub, P.C. | : | |
| d/b/a Klemm & Associates | : | |
| 425 Eagle Rock Ave., Suite 403 | : | |
| Roseland, NJ 07068 | : | |
| | : | |
| And | : | |
| | : | |
| Klemm & Associates | : | |
| d/b/a Nudelman, Klemm & Golub, P.C. | : | |
| d/b/a Nudelman, Nudelman & Ziering, P.C. | : | |
| 425 Eagle Rock Ave., Suite 403 | : | |
| Roseland, NJ 07068 | : | |
| | : | |
| And | : | |
| | : | |
| John Does 1-10 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION – FIRST AMENDED COMPLAINT

### I. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331 and diversity conferred by 28 USC §1332; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the events giving rise to Plaintiff's claims occurred in this District.

### II. Parties.

3. Plaintiff, Kevin C. Rotkiske is an adult individual residing at the above-captioned address.

4. Defendant, Paul Klemm, Esquire, is a licensed attorney doing business as Defendant law firms: Nudelman, Klemm & Golub, P.C.; Nudelman, Nudelman & Ziering, P.C.; and Klemm & Associates, all maintaining an office at the above-captioned address. Plaintiff is asserting a claim against all Defendants.

5. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

### III. Operative Facts

6.      Prior to the events described hereinafter, Plaintiff incurred a credit card debt with Capital One Bank in 2003 on which he fell into arrears in or around November 2005 (hereinafter "the debt").

7.      Thereafter, Capitol One referred the debt to defendant firm, Klemm & Associates who initiated a lawsuit against Plaintiffs on or about March 2008 in the amount of approximately $1,500.

8.      Klemm attempted to serve Plaintiff at an address where Plaintiff no longer lived.

9.      A male individual Plaintiff does not know, and whose racial and physical description does not match plaintiff Kevin's physical description in the affidavit of service, accepted service of the complaint.

10.     Upon information and belief, defendant withdrew the lawsuit without prejudice because he could not locate Plaintiff.

11.     On or about January 2009, defendant re-filed the collection lawsuit and attempted service on Plaintiff again at the same address where Plaintiff no longer lived.

12.     Another person who Plaintiff did not know accepted service on behalf of Plaintiff.

13.     Defendants then won a default judgment in an amount of approximately $1,500 against Plaintiff.

13.     Plaintiff was completely unaware of all actions against him regarding the credit card debt until around September 2014, when Plaintiff applied for a mortgage with Quicken Loans and was rejected because of a judgment against him on his credit report.

14.     Because the nature of the service of the collection lawsuit purposefully ensured that plaintiff could never properly be served at an address at which he no longer liver, defendants'

acts were "of such character as to conceal [themselves] to warrant equitable tolling." Bailey v. Glover, 88 U.S. (21 Wall.) 342, 349–50, 22 L.Ed. 636 (1874)).

15. Furthermore, upon information and belief, the Virginia law controls the credit agreement between Capitol One and plaintiff the operative statute of limitations for which is three (3) years.

16. Defendants filed the second collection lawsuit in 2009 or in excess of the three (3) years which elapsed after the default date

17. As a result of Defendants' conduct, Plaintiff has suffered financial damages and emotional distress.

### IV. Causes of Action

### COUNT I – FDCPA

18. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

20. Defendants are "debt collectors" as defined by 15 U.S.C.A. § 1692d(6), attempting to collect a debt as defined by 15 U.S.C.A. § 1692a(5).

21. Defendants' conduct violated the FDCPA by contacting Plaintiff without lawful ability to collect. 15 U.S.C.A. § 1692e(2)(b) and e(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Actual damages;

C. Reasonable attorney fees and costs.

Dated: Oct. 16, 2015

<u>RC935</u>
By: Robert P. Cocco, Esquire
Pa. Id. No.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

**WEISBERG LAW**
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire