**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN C. ROTKISKE,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL KLEMM et al.,** | : | **No. 15-3638** |
| *Defendants*. | : | |

PRATTER, J.                                                             MARCH 14, 2016

**MEMORANDUM**

## I.   INTRODUCTION

Kevin Rotkiske claims that Paul Klemm Esq., Nudelman, Klemm & Golub, P.C., Nudelman, Nudelman & Ziering, P.C., Klemm & Associates ("K&A"), and John Does 1-10 have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Mr. Rotkiske alleges that the Defendants wrongfully obtained a default judgment against him which then caused him financial damage when his mortgage application was rejected. The Defendants move to dismiss the Amended Complaint with prejudice.

The Court concludes that Mr. Rotkiske's claim is barred by the FDCPA's statute of limitations and will be dismissed with prejudice.

## II.   ALLEGATIONS IN THE AMENDED COMPLAINT[1]

Between 2003 and 2005 Mr. Rotkiske incurred credit card debt with Capital One Bank. Once the debt was deemed in collection status, Capital One Bank referred the debt to K&A. K&A initiated a lawsuit against Mr. Rotkiske in March 2008, seeking payment on the debt in the amount of $1,500. K&A attempted to serve Mr. Rotkiske at a prior residence. At that residence,

---

[1] The factual summary is based on the allegations in the Amended Complaint, which the Court assumes to be true for purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

a male individual unknown to and unassociated with Mr. Rotkiske accepted service of the complaint.  K&A then allegedly withdrew the lawsuit because it could not locate Mr. Rotkiske.

In January 2009, the Defendants refiled the collection lawsuit and again attempted to serve Mr. Rotkiske at the same address.  Again, an individual unknown to Mr. Rotkiske accepted service on his behalf.  The Defendants obtained a default judgment against Mr. Rotkiske in the second collection suit.

Allegedly, Mr. Rotkiske was unaware of either of the actions against him and of the default judgment until September 2014, when he applied for a mortgage.  His mortgage application was rejected because of the outstanding judgment against him, as reflected on his credit report.  The Amended Complaint alleges that the Defendants deliberately made sure that Mr. Rotkiske would not be properly served and thus wrongfully obtained the default judgment against him in violation of the FDCPA.[2]

## III.   Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citation omitted).

---

[2]  Mr. Rotkiske's Amended Complaint also alleged that the second debt collection suit was filed outside the applicable statute of limitations; however, in his response to the Defendant's Motion, Mr. Rotkiske withdrew the allegation.  Plf.'s Resp. 4 (Docket No. 17) ("Plaintiff withdraws its statute of limitations argument and corresponding allegations without prejudice until discovery commences herein").

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  The question is not whether the claimant will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011).

When deciding a Rule 12(b)(6) motion to dismiss, the Court may look only to the facts alleged in the complaint and its attachments.  *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).  Likewise, the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party.  *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

## IV.   DISCUSSION

The Defendants make two arguments in their Motion to Dismiss: (1) Mr. Rotkiske's claim is time-barred; and (2) Mr. Rotkiske's action violates the *Rooker-Feldman* doctrine, and should be dismissed for lack of subject matter jurisdiction.[3]  Because Defendants' *Rooker-Feldman* argument calls on the Court to determine if it has subject matter jurisdiction, that argument will be addressed first.

---

[3]  The Defendants also argued that the second collection lawsuit was timely filed; however, because Mr. Rotkiske has withdrawn allegations relating to the timeliness of that suit the Court will not address this argument.

### A.    *Rooker-Feldman* **Doctrine**

The *Rooker-Feldman*[4] doctrine jurisdictionally bars claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Four requirements must be met for the doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil*, 544 U.S. at 284)).  "The Supreme Court has emphasized that *Rooker-Feldman* is a 'narrow doctrine' that 'applies only in limited circumstances.'"  *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 521 (D.N.J. 2012) (citing *Lance v. Dennis*, 546 U.S. 459, 464-66 (2006)).

A complaint which alleges "injury caused by the defendant's actions and not by the state-court judgment" does not implicate *Rooker-Feldman*.  *Great W. Mining & Mineral Co.*, 615 F.3d at 167.  If the injury complained of existed prior to the state-court proceedings, such proceedings cannot be the source of the injury.  *Id.*  By way of example, in *Conklin v. Anthou*, 495 F. App'x 257 (3d Cir. 2012), the plaintiff sued various defendants alleging that they had participated in a scheme to illegally foreclose on the plaintiff's property through the use of fraudulent mortgage documents.  *Id.* at 260.  To the extent the plaintiff was soliciting direct federal review of the state court decisions, his claims were barred by *Rooker-Feldman*.  However, the court also held that the plaintiff was "not prevented from otherwise attacking the parties to the foreclosure

---

[4] *D.C. Ct. of App. v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

proceedings or alleging that the methods and evidence employed were the product of fraud or conspiracy, regardless of whether his success on those claims might call the veracity of the state-court judgments into question."  *Id*. at 262; *See also Giles*, 901 F. Supp. 2d at 522 (declining to dismiss the plaintiff's claims based on the *Rooker-Feldman* doctrine because "[p]laintiffs here are not challenging the state court judgments; they are challenging the Defendants' actions in procuring those judgments").

In this case, Mr. Rotkiske alleges that the Defendants violated the FDCPA by fraudulently obtaining the default judgment through their efforts to make sure that Mr. Rotkiske would not be properly served.  While the first and third *Great W. Mining & Mineral Co.* elements are clearly met – the Defendants obtained a default judgment against Mr. Rotkiske and that judgment was rendered before Mr. Rotkiske filed this lawsuit – Mr. Rotkiske's Amended Complaint does not complain of injuries caused by the state court judgment.  Rather, like the plaintiffs in *Conklin* and *Giles*, Mr. Rotkiske is challenging the Defendants' actions in procuring the default judgment.  As a result, the Court concludes that this case falls outside of the limited circumstances under which the *Rooker-Feldman* doctrine will bar a plaintiff's claims.  Therefore, the Court will turn to the Defendants' statute of limitations arguments.

### B.     Statute of Limitations

The Defendants argue that Mr. Rotkiske's lawsuit was filed six years after the alleged violation of the FDCPA, and thus is timed-barred.

Under the FDCPA, an action must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  Mr. Rotkiske argues that the discovery rule, which delays the beginning of a limitations period until the plaintiff knew of or should have known of his injury, applies to FDCPA claims.  Under the discovery rule as articulated by Mr. Rotkiske,

his action would be timely, as Mr. Rotkiske allegedly only became aware of the violation in September 2014, ten months before he commenced this suit.  In the alternative, Mr. Rotkiske contends that the Court should apply the doctrine of equitable tolling to the same effect.

### i.      Discovery Rule

The actual language of the statute weighs against the application of the discovery rule. Absent a contrary directive from Congress, the discovery rule applies to federal statutes of limitations.  *G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 613 (3d Cir. 2015) (holding that the discovery rule applies to a statute which requires a plaintiff to act "within 2 years of the date the [plaintiff] knew or should have known about the alleged [violation]").  In the FDCPA, Congress explicitly used the phrase, "from the date *on which the violation occurs*."  15 U.S.C. § 1692k(d) (emphasis added).  The Defendants argue that this language serves as a contrary directive from Congress with respect to the application of the discovery rule and cuts against any argument that a plaintiff's awareness of the violation should factor into the calculation of the accrual date.  The Defendants further assert that this explicit language signifies that the FDCPA is an occurrence statute, meaning that the claim accrues at the time of the alleged violation regardless of when a plaintiff discovers it.

Circuit courts have split when determining whether the discovery rule applies to the one-year limitations period of the FDCPA.  The Fourth and Ninth Circuits have held that the discovery rule applies to the FDCPA's one-year statute of limitations.  *Lembach v. Bierman*, 528 F. Appx. 297, 302 (4th Cir. 2013); *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. 2009) (discussing the Supreme Court's skepticism about general application of the discovery rule in *TRW Inc. v. Andrews,* 534 U.S. 19, 33 (2001), yet holding that the discovery rule applies).  Conversely, the Eighth and Eleventh Circuits have rejected the application of the

discovery rule to FDCPA claims.  *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (holding

that the accrual date for the plaintiff's FDCPA claim was the date on which the defendant mailed

an unlawful collection letter rather than the date on which the plaintiff received the letter);

*Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992) (holding the same and

stating that the one-year period should be calculated from the defendant's "last opportunity to

comply with the FDCPA").  Several other circuits have declined to rule on the issue.  *See*

*Benzemann v. Citibank N.A.*, 806 F.3d 98, 103 n.2 (2d Cir. 2015) ("[W]e need not address

Benzemann's alternative argument that his claim was timely because Section 1692k(d) is subject

to the "discovery rule" of federal common law"); *Serna v. Law Office of Joseph Onwuteaka,*

*P.C.*, 732 F.3d 440, 446 n.12 (5th Cir. 2013) ("Importantly, we need not and do not decide

whether a discovery rule applies to § 1692k(d)'s one-year limitations period"); *Johnson v.*

*Riddle*, 305 F.3d 1107, 1114 n.3 (10th Cir. 2002) ("[I]t is unnecessary for us to consider whether

a discovery rule applies to the FDCPA statute of limitations").

  While the Third Circuit Court of Appeals has not explicitly addressed whether the

discovery rule applies to the FDCPA, one unpublished decision is instructive.  In *Peterson v.*

*Portfolio Recovery Assocs., LLC*, 430 F. App'x 112 (3d Cir. 2011), the court examined whether,

following an initial communication that violated the FDCPA, subsequent communications that

were not direct violations of the FDCPA could serve as "continuing violations" that would re-set

the statute of limitations.  *Id*. at 115.  The court cited to *Mattson*, *Maloy*, and *Nass v. Stolman*,

130 F.3d 892, 893 (9th Cir. 1997), stating, "Other circuits have held, entirely reasonably, that the

FDCPA statute of limitations should begin to run on the date of 'the debt collector's last

opportunity to comply' with the Act."  *Id*.  Based on that proposition, the court held that the

defendant's last opportunity to comply with the act came when it sent the initial communication, thus the subsequent communications did not extend the limitations period.[5]  *Id.*

Both parties here advance public policy arguments in support of their relative positions. Mr. Rotkiske argues that the discovery rule should apply because the alternative would cause adverse incentives for debt collectors to wrongfully obtain judgments against debtors and then wait for the statute of limitations to run before attempting to collect on the judgment.  The Defendants counter that such a public policy argument is not realistic because debt collects are just that: their job is to collect debts rather than to secure and then sit on judgments in hopes of relying on a statute-of-limitations defense in a potential FDCPA lawsuit that may or may not materialize.  Furthermore, the Defendants argue that the rule in *Mattson* and *Maloy* creates a more certain date by which to calculate the statute-of-limitations period and would prevent factual disputes over when the plaintiff became aware of or reasonably should have become aware of the FDCPA violation.[6]  This argument becomes more persuasive when one considers that, based on the necessity of the plaintiff challenging not the default judgment itself but rather the defendant's conduct in obtaining that judgment, verifying when the plaintiff discovered such conduct is even more difficult than verifying when the plaintiff became aware of the judgment itself.

The Court is persuaded by the actual statutory language, buttressed by the Defendants' arguments that the discovery rule does not apply to a FDCPA claim.  The language used in the

---

[5]  Then, in *Glover v. F.D.I.C.*, 698 F.3d 139 (3d Cir. 2012), the court held that the *defendant's* lack of knowledge or intent regarding the FDCPA violation has no bearing on the date of accrual of a claim.  *Id.* at 149.

[6]  The Defendants attempt to distinguish the adverse *Mangum* decision because that case involved a difference of six *days* between when the violation occurred and when the plaintiff discovered the violation, whereas this case involves a difference of six *years* between the violation and discovery.

statute by Congress is consistent with beginning the one-year limitations period on the date of

the defendant's last opportunity to comply with the statute, rather than the date on which the

plaintiff discovers or should have discovered the violation.  Additionally, the limited caselaw

from the Third Circuit Court of Appeals appears to embrace the rule stated in *Mattson* and *Maloy*

which declines the application of the discovery rule.

Consequently, Mr. Rotkiske's FDCPA claim is untimely.  Based on the allegations in the

Amended Complaint, the Defendants' alleged violation of the FDCPA occurred "[o]n or about

January 2009."  Mr. Rotkiske filed his initial complaint in this case on June 29, 2015, well

outside the one-year limitations period.[7]  Having concluded that the discovery rule does not

apply and that Mr. Rotkiske's claim was not filed within the one-year statute of limitations found

in the FDCPA, the Court must address Mr. Rotkiske's alternative argument – that the statute of

limitations should be equitably tolled due to fraudulent concealment by the Defendants.

### ii.    Equitable Tolling

"Equitable tolling, if available, can rescue a claim otherwise barred as untimely by a

statute of limitations when a plaintiff has 'been prevented from filing in a timely manner due to

sufficiently inequitable circumstances."  *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197

(3d Cir. 2009) (citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.

1999)).  Fraudulent concealment, one type of equitable tolling, is an equitable doctrine that is

read into every federal statute of limitations.  *Mathews v. Kidder, Peabody & Co., Inc.*, 260 F.3d

239, 256 (3d Cir. 2001).  The doctrine should be used sparingly and requires a plaintiff to prove

"(1) 'active misleading' by the defendant, (2) which prevents the plaintiff from recognizing the

validity of her claim within the limitations period, (3) where the plaintiff's ignorance is not

---

[7]  This conclusion would likewise be appropriate even if the Court were to flexibly
construe the "[o]n or about January 2009" date.

attributable to her lack of 'reasonable due diligence in attempting to uncover the relevant facts.'" *Id.* (quoting *Forbes v. Eagleson*, 228 F.3d 471, 486 (3d Cir. 2000)).

As an initial matter, the statute of limitations clause in the FDCPA falls under the heading, "Jurisdiction," and, consequently, there is split authority among the circuits regarding whether or not the limitations period is jurisdictional, meaning that it would not be subject to equitable tolling. *Compare Mattson*, 968 F.2d at 262 *with Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000). However, at least two Third Circuit Court of Appeals cases have considered equitable tolling arguments related to FDCPA claims. *See Kliesh v. Select Portfolio Servicing, Inc.*, 527 F. App'x 102, 104 (3d Cir. 2013); *Glover*, 698 F.3d at 151. Therefore, the Court will consider whether the doctrine of equitable tolling should be applied to Mr. Rotkiske's claim.

Mr. Rotkiske's sole allegation regarding fraudulent concealment is the fact that the second collection suit was filed at the same address as the first collection suit, even though the Defendants knew this was no longer Mr. Rotkiske's residence. The Defendants argue that this conduct, even accepted as true, does not amount to "active misleading" on their part. In his response, Mr. Rotkiske does not address Defendants' arguments that equitable tolling should not apply, but rather only notes that the doctrine of equitable tolling applies to federal statutes of limitations and then focuses on the application of the discovery rule. Mr. Rotkiske's assertion that the doctrine of equitable tolling should save his time-barred claim is merely a reiteration of his discovery-rule argument, suggesting that he conflates the two. However, in *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994), the court explained the difference between the discovery rule and equitable tolling: "The discovery rule keys on a plaintiff's cognizance, or imputed cognizance, of actual injury. Equitable tolling, on the other hand, keys

on a plaintiff's cognizance, or imputed cognizance, of the facts supporting the plaintiff's cause of action." *Id.* at 1390.  The court goes on to note that for the purposes of equitable tolling, "cognizance of the facts supporting the plaintiff's cause of action presumes cognizance of actual injury." *Id.* at 1390 n.8.

In this case, there are no allegations of active misleading on the part of the Defendants regarding the facts supporting Mr. Rotkiske's cause of action.  Rather, the actions Mr. Rotkiske claims amount to active misleading are the same actions that form the basis of the alleged violation of the FDCPA.  This is not a case where Mr. Rotkiske was cognizant of his actual injury and was himself misled regarding the facts supporting his cause of action.  Mr. Rotkiske's arguments supposedly supporting application of equitable tolling are no more than a second attempt to apply the discovery rule to his FDCPA claim.  Having concluded that the discovery rule does not apply, and bearing in mind that the doctrine is to be used sparingly, the Court finds that the doctrine of equitable tolling by way of fraudulent concealment, even though technically available, cannot save Mr. Rotkiske's time-barred FDCPA claim because he was not misled by any conduct committed by any defendant.

## V.  CONCLUSION

The claim asserted in Mr. Rotkiske's Amended Complaint is barred by the statute of limitations.  For the foregoing reasons, the Court grants the Defendants' Motion to Dismiss with prejudice.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE